### In re Ola EICHELBERGER, Debtor.

**Bankruptcy No. 98–42336–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 10, 1998.

somewhat unfocused, and lackluster.

Charles W. Riske, Clayton, MO, for trustee.

Christi S. Fingal, St. Louis, MO, for Debtor.

Bonnie L. Clair, Assistant General Counsel, Norwest Financial Missouri, Inc., Crestwood, MO.

### ORDER

JAMES J. BARTA, Chief Judge.

The hearing on the Debtor's motion to dismiss this Chapter 7 case was called on August 5, 1998 after notice had been given to all creditors and parties in interest. Norwest Financial Missouri, Inc. ("Norwest") filed a written objection to the Debtor's request to dismiss the case. The Chapter 7 Trustee filed a written response, asking that dismissal be conditioned upon the Debtor's payment of certain costs associated with the administration of the estate. The Debtor did not appear personally at the hearing because of health considerations. Debtor's Counsel appeared on Debtor's behalf and presented certain oral argument on the record in support of the motion to dismiss. Norwest appeared by its Counsel and presented certain additional announcements on the record. On consideration of the record as whole including the additional information provided at this hearing, the Court announced certain determinations and orders from the bench.

The Debtor filed a voluntary petition for relief under Chapter 7 on March 2, 1998. On her Schedules and Statement of Affairs, she claimed an exemption in the full value of her interest in certain insurance policies as follows: "Death Benefits from Fortis Benefits in the amount of $11,000.00, R.S.MO. 377.020 or 377.330; and Death Benefits from BlueCross Alliance in the amount of $50,000.00, R.S.MO. 377.020 or 377.330". At a hearing on May 28, 1998, the Court sustained the Trustee's objection and denied the Debtor's claim of exemption to the death benefits. On June 5, 1998, the Debtor filed this motion to dismiss the Bankruptcy case prior to the entry of the Order of Discharge. The reasons for the dismissal included the loss of the use of insurance proceeds, certain medical conditions and a reduced household income.

Debtor's Counsel reported that the Debtor's spouse passed away prior to the commencement of this case. Counsel for Norwest contended that during the period between the filing of the petition and the date of the Section 341 Meeting of Creditors, the Debtor disposed of approximately $6,000.00 of a $17,000.00 insurance benefit she had received as a death benefit. At the hearing on this motion, it was reported that during the pendency of this case, the Debtor had received additional payments in excess of $46,000.00 as death benefits under other insurance policies. It was uncertain at the hearing whether or not the Trustee had been made aware of these later payments. Also during the pendency of this case, the Debtor disbursed varying amounts of these proceeds to individuals and entities that may be either insiders of the Debtor, or were the holders of pre-petition claims. The Debtor's Schedules reflect that as of the commencement of the case, the Debtor owed unsecured debt in the approximate amount of $37,600.00.

Debtor's Counsel has argued that if the case is dismissed, the Debtor intends to negotiate agreements with creditors that re-

quest payment of their debts, so that she may retain as much of the insurance proceeds as possible. She does not anticipate that she would repay all creditors in full if the motion to dismiss is granted. Her Schedules reflect that her monthly expenses, including a car payment in the amount of $486.00, average $1,798.00; and that her monthly income is approximately $1,297.83.

■ Although not specifically stated in the statute, a Debtor's voluntary dismissal of a Chapter 7 case under 11 U.S.C. § 707 must be based upon cause. The cause may be based upon a showing that dismissal is in the best interest of the Debtor, and not prejudicial to creditors. *In re MacDonald*, 73 B.R. 254, 256 (Bankr.N.D.Ohio 1987); *See also,* Lawrence P. King, et al., *Collier on Bankruptcy,* ¶ 707.03[3] (15th ed.1996).

■ Where a voluntary dismissal would prejudice creditors, it will ordinarily be denied. *Matter of Williams*, 15 B.R. 655, 658 (E.D.Mo.1981). In the circumstances presented here, absent an affirmative consent of each creditor, granting the Debtor's motion to dismiss will be unreasonably prejudicial to creditors.

■ The Debtor's pre-petition interests in the insurance policy death benefits are assets of the Bankruptcy estate pursuant to 11 U.S.C. § 541. The Debtor's claim of an exemption in the full value of these assets has not been allowed. Therefore, the Trustee is required to administer upon the policy proceeds for the benefit of the estate. Based upon the amount of benefits received by the Debtor, and based upon the amount of debt listed in her Schedules, it is very likely that allowed claims will receive a greater distribution in the Chapter 7 case, than creditors would receive if the case is dismissed and the automatic stay terminated. Furthermore, any ability to recover preferential transfers under the Bankruptcy Code will be lost to creditors if the case is dismissed. The combination of these factors and the delay in collection that has resulted from operation of the automatic stay since the commencement of this case is an unreasonable prejudice to creditors.

All parties to this proceeding are sympathetic to the Debtor's medical condition and cognizant of the income/expense relationship stated in her Schedules. Although these situations at first appear to support her request to dismiss this case, the Court cannot find that dismissal is in her best interests. If the case continues, based on the circumstances that appear from the record, allowed claims will receive a distribution through the estate and the Debtor would be entitled to receive a discharge of any other pre-petition debt. If this case were to be dismissed, the Debtor would regain the use of the insurance proceeds, some of which would be paid to creditors. However, she would remain fully liable to all of her creditors, some of whom are likely to pursue collection activities that will give rise to additional expense and the temptation to seek further relief under the Bankruptcy Code. Considering all the circumstances here, dismissal is not in the Debtor's best interests and is unreasonably prejudicial to creditors.

**IT IS ORDERED** that this matter is concluded; and that the objections to the Debtor's requests are sustained; and that the motion of Ola Eichelberger to voluntarily dismiss this Chapter 7 case is denied; and that all other requests in this matter are denied.