**In re Edward WATKINS, Debtor.**

**Bankruptcy No. 98 B 33876.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

March 1, 1999.

Robert B. Katz, Chicago, IL, for Respondent.

Zalutsky & Pinski, Chicago, IL, for Movant.

## MEMORANDUM OPINION ON DEBTOR'S MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 7 CASE

JACK B. SCHMETTERER, Bankruptcy Judge.

The above-entitled case was filed voluntarily under Chapter 7 of the Bankruptcy Code by Debtor Edward Watkins ("Debtor") on October 23, 1998. Robert B. Katz is the duly appointed, qualified, and acting Interim Trustee herein ("Trustee").

Debtor appeared before the Trustee to testify at a meeting of creditors held under 11 U.S.C. § 341. Upon examination of the Debtor, the Trustee elicited testimony concerning an asset not scheduled by Debtor in his bankruptcy filings. That asset was a personal injury lawsuit filed by Debtor prior to his bankruptcy filing. It is the only asset of Debtor that might generate recovery for the creditors.

Debtor's counsel claimed in open court that he has since filed an amended Bankruptcy Schedule B to list the late-revealed lawsuit, but that cannot be found on the docket or in the Court file, nor was the suit scheduled as exempt on Schedule C.

Debtor moved for voluntary dismissal of this Chapter 7 proceeding. The Trustee objected because the discovered lawsuit may have some value to creditors and dismissal would therefore be to the detriment of creditors who are not likely to benefit from any lawsuit recovery outside of bankruptcy. Notice was given to creditors, none of whom asked to be heard on the motion.

Counsel for the parties agreed on the record that (1) Debtor has about $27,600 in unsecured debt, mostly due to credit cards and a student loan; (2) Debtor has not filed an exemption claim herein; and (3) both parties waived the right to offer evidence.

Since the parties declined to offer evidence, there is no showing that the omission of the lawsuit from schedules was willful and calculated. It must on this limited record nonetheless be deemed a careless and negligent omission since the Debtor clearly knew of his pending suit when he filed in bankruptcy. Also, without evidence, no evaluation can be made about value of the pending suit.

Therefore, the present issue may be posed: Should a debtor's motion for voluntary dismissal be denied on a trustee's objection because a lawsuit negligently omitted from an original schedule was unearthed by the trustee's questions at a § 341 meeting and might produce a recovery in excess of administrative expenses that could benefit creditors?

## DISCUSSION

A Chapter 7 case can only be dismissed for "cause" under 11 U.S.C. § 707. Grounds for dismissal given in § 707 are merely illustrative, and any grounds constituting good "cause" may justify dismissal. *In re St. Laurent,* 17 B.R. 768 (Bankr.D.Me. 1982). Debtor has no absolute right to dismiss a Chapter 7 case, but must demonstrate why dismissal is justified. *In re Baumgarten,* 154 B.R. 66 (Bankr.S.D.Ohio 1993).

Here the Debtor gave no reason or cause for dismissal in his Motion to Dismiss. A debtor is not automatically entitled to dismiss his voluntary Chapter 7 petition. 11 U.S.C. § 701, *et seq. In re Martin,* 30 B.R. 24 (Bankr.E.D.N.C.1983). Where a debtor filing in Chapter 7 is represented by counsel and not incompetent, any possible lack of understanding about the need to schedule all assets and render those assets subject to possible administration for creditors' benefit does not outweigh prejudice to creditors from dismissal. *Id.*

The Chapter 7 Trustee has standing to oppose a debtor's request for dismissal absent affirmative consent to dismissal by all creditors. *In re Harker,* 181 B.R. 326

(Bankr.E.D.Tenn.1995).[1] If creditors are prejudiced in any respect by dismissal of a voluntarily filed Chapter 7 case, a request by debtor for dismissal should be denied in the absence of demonstrated cause. Benefits to be derived by the debtor from such dismissal do not constitute such cause, nor does debtor's right to convert to Chapter 13 of the Bankruptcy Code. *Id.*

While the foregoing precedents provide a rather rigid application of § 707, one opinion has advanced a balancing test:

> While the debtor is free to file for bankruptcy, "... he does not enjoy the same discretion to withdraw his case once it has been commenced." *In re Klein,* 39 B.R. 530, 532 (Bankr.E.D.N.Y.1984). Section 707(a) of the Code provides that the court may dismiss a Chapter 7 case "... only after notice and a hearing and only for cause." ... Although the Code does not specifically address whether § 707(a) applies to a debtor seeking voluntary dismissal of his own petition, case law so provides. *In re Mathis Insurance Agency, Inc.,* 50 B.R. 482, 486 (Bankr.E.D.Ark. 1985); *In re Klein, supra.* Bankruptcy Rule of Procedure 1017(a) confirms that conclusion in providing that the cause requirement applies to a nonconsensual dismissal of both voluntary and involuntary cases. Advisory Committee Note to Rule 1017(a).
>
> In determining whether cause exists, the test is whether dismissal is in the best interest of the debtor and his creditors. As to a debtor, best interest lies generally in securing an effective fresh start upon discharge and in the reduction of administrative expenses leaving him with resources to work out his debts. As to creditors, the issue is one of prejudice, and if delay is said to have prejudiced them, whether, as § 707 provides, the delay has been unreasonable. They are generally not prejudiced by dismissal since they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims. But creditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. A prejudicial delay also creates the appearance that such an abusive practice is implicitly condoned by the Code. *In re Klein,* 39 B.R. at 533.
>
> Other forms of potential abuse must be guarded against. Dismissal of a bankruptcy petition that was filed principally to forestall creditors should not be permitted after the delay sought has been achieved. Nor should dismissal be ordered where it is contemplated that the case might be refiled in another forum far from creditors. *Mathis,* 50 B.R. at 487. *Similarly, dismissal of a case after it has appeared that the debtor failed to account honestly for his assets is not to be sanctioned, for such a failure indicates the likelihood of further questionable practices to the detriment of creditors.* As stated in *Klein.*
>
> > It may be reasonably inferred from debtor's questionable behavior inside of [sic] bankruptcy that such conduct will persist in derogation of the creditor's rights in the event this court were to order the dismissal of debtor's petition.
>
> 39 B.R. at 533.
>
> . . .
>
> In the end, the Court is to assess the vagaries of each case.

*In re Schwartz,* 58 B.R. 923, 925–26 (Bankr. S.D.N.Y.1986) (emphasis added).

■ Here the Debtor omitted a potentially valuable asset from his schedules, an asset of which he knew and which the Trustee had to uncover through questioning. Even after the asset was discovered, the schedules were not amended. Dismissal is sought for no articulated reason, and the Debtor therefore shows no cause at all for dismissal. On the contrary, dismissal will likely keep the creditors from sharing in any recovery from the Debtor's lawsuit, thus prejudicing them. Indeed, that is the very purpose and intent that can be inferred from the Debtor's present motion.

---

1. Contra *In re Wolfe,* 12 B.R. 686 (Bankr. S.D.Ohio 1981).

*CONCLUSION*

If viewed as a question of whether the debtor has shown any good "cause," clearly he has not. If viewed under the balancing test approach, the prejudice to creditors from dismissal and Debtor's non-disclosure of a valuable asset (aggravated by not even filing amended schedules, though that omission following the Trustee's discovery is not necessary to this discussion) weigh heavily against allowing dismissal.

Accordingly, by separate order the Debtor's Motion to Dismiss will be denied.