# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 99-6071NI

———

In re:                                            *
                                                  *
Richard Keith Turpen and                          *
Marcia Ann Turpen,                                *
                                                  *
     Debtors.                               *
                                                  *
Richard Keith Turpen and                          *
Marcia Ann Turpen,                                *   Appeal from the United
                                                  *   States Bankruptcy Court for
     Debtors - Appellants,                  *   the Northern District of Iowa
                                                  *
          v.                            *
                                                  *
Larry Eide,                                       *
                                                  *
     Trustee - Appellee,                    *
                                                  *
Barbara Stuart,                                   *
                                                  *
     U.S. Trustee - Appellee,               *
                                                  *
United States of America and                      *
Iowa Department of Revenue                        *
and Finance                                       *
                                                  *
     Creditors - Appellees.                 *

———

Submitted: January 27, 2000
Filed: February 16, 2000

———

Before KOGER, DREHER, and KISHEL,[1] Bankruptcy Judges.

———

DREHER, Bankruptcy Judge

Debtors Richard and Marcia Turpen ("Debtors") appeal the order of the bankruptcy court[2] denying their motion to dismiss their pending Chapter 7 bankruptcy case. For the reasons set forth below, we affirm.

## I. Background

The Debtors initially filed a joint Chapter 13 petition on August 8, 1997. They filed what purported to be a 100% plan on August 26, 1997, but confirmation of the plan was denied. Subsequently, the United States filed a proof of claim for $142,038.00. Comprehensive Systems, Inc., the Debtors' former employer, filed a claim for $515,169.92, which was related to a state court lawsuit pending at the time of the bankruptcy petition. The Debtors filed objections to each of these claims. If these claims were allowed, however, the estate would contain insufficient assets to provide for payment in full of all claims.

After more than one year, the Debtors had failed to file another plan. They assert that they delayed in order to complete litigation over the claims of the United States and Comprehensive Systems, which would allow them to propose a more meaningful plan. Because the Debtors were not making any payments during this time period, the United States Trustee moved to convert the case to Chapter 7, and several creditors joined in the motion. On February 2, 1999, the bankruptcy court granted the motion over the Debtors' objection. The court based its decision on a finding that there had been an unreasonable delay in the case that was prejudicial to the creditors.

Appellee Larry S. Eide ("Trustee") was appointed as the trustee for Debtors' Chapter 7 estate. The Trustee and the Debtors disagreed over the liquidation of the estate, which led to numerous conflicts between them. For instance, the Trustee informally sought the turnover of property of the estate, which

---

[1] The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota, sitting by designation.

[2] The Honorable William L. Edmonds, Chief Judge, United States Bankruptcy Court for the Northern District of Iowa.

was unsuccessful. After obtaining an order from the court for turnover, the Trustee was forced to seek an order holding the Debtors in contempt for their failure to comply with the turnover order. The Trustee also filed a motion objecting to the Debtors' claimed exemption in certain pension plans. While such motion was pending, the Debtors liquidated the plans and received approximately $137,000.00. Debtors claim to have used the money to pay prepetition creditors; however, they cannot account for the full amount they received upon liquidation.

Approximately 46 claims have been filed in the Debtors' case, totaling $1,017,955.76. Comprehensive Systems, Inc. settled its dispute with the Debtors and withdrew its $515,169.92 claim. The United States also withdrew its claim of $142,038.00 after apparently reaching a settlement with the Debtors. However, it refiled the claim in the amount of $124,941.00 after the claims bar date. After adjusting for these settlements and discounting the claims that the Debtors paid on their own accord, the filed, unpaid claims total $392,196.03. The United States, on behalf of the IRS, asserts that it is also owed $6,676.54 in interest and $2,250.21 in postpetition taxes.

The Trustee holds $108,788.00 from the liquidation of assets and projects that there will be a total of $136,164.00 for distribution. The Debtors assert that, not including the tardily filed claim of the United States, which they dispute, the estate is solvent. On this ground they sought dismissal of the Chapter 7 case, arguing that they could more quickly pay the creditors outside of bankruptcy without forcing them to wait for the outcome of litigation with the United States. Moreover, they maintain that the creditors will not be prejudiced because they plan on paying every creditor in full, with the exception of the United States, as soon as the case is dismissed. The Trustee, the United States Trustee, the United States, and the Iowa Department of Revenue and Finance all opposed dismissal. They assert that prejudice will result from dismissal because there is no guarantee that the Debtors will follow through on their promise to pay the creditors in full. The bankruptcy court denied the Debtors' motion to dismiss, finding that the estate was likely not solvent and that the creditors would be prejudiced by dismissal. Given Debtors' actions during the case, in particular their liquidation of the pension funds, the court gave little weight to the promise to pay the creditors outside of bankruptcy.

## II. Discussion

A decision of whether to grant a motion to voluntarily dismiss a bankruptcy petition lies within the discretion of the bankruptcy judge and is reviewed only for an abuse of discretion. Peterson v. Atlas Supply Corp. (In re Atlas Supply Corp.), 857 F.2d 1061, 1063 (5th Cir. 1988); Leach v. United States

(In re Leach), 130 B.R. 855, 856 (B.A.P. 9th Cir. 1991); In re McCullough, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999) (citing In re Marks, 174 B.R. 37, 39 (E.D. Pa. 1994)). An abuse of discretion will only be found if the lower court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions. Barger v. Hayes County Non-Stock Co-op (In re Barger), 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998) (citing Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996)).

Bankruptcy Code § 707(a) provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –
> > (1) unreasonable delay by the debtor that is prejudicial to creditors;
> > (2) nonpayment of any fees and charges required under chapter 123 of title 28; and
> > (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a) (1994). Pursuant to this section, the court can only dismiss a Chapter 7 case after notice and hearing and only for cause. In re Williams, 15 B.R. 655, 657 (E.D. Mo. 1981); In re Haney, 241 B.R. 430, 432 (Bankr. E.D. Ark. 1999). Although this provision does not expressly refer to a voluntary dismissal by the debtor, courts commonly conclude that it does apply to such a motion. Williams, 15 B.R. at 658; In re Watkins, 229 B.R. 907, 909 (Bankr. N.D. Ill. 1999); In re Eichelberger, 225 B.R. 437, 439 (Bankr. E.D. Mo. 1998).

Unlike under Chapter 13, the debtor has no absolute right to dismissal of a Chapter 7 case. In re Klein, 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984)("While a debtor may voluntarily choose to place himself in bankruptcy, he does not enjoy the same discretion to withdraw his case once it has been commenced."); Leach v. United States (In re Leach), 130 B.R. 855, 857 n.5 (B.A.P. 9th Cir. 1991); Haney, 241 B.R. at 432. In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified. Haney, 241 B.R. at 432; Watkins, 229 B.R. at 908; In re Harker, 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995). Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors. Haney, 241 B.R. at 432; Watkins, 229 B.R. at 909; Eichelberger, 225 B.R. at 439; Harker, 181 B.R. at 328. Courts generally consider the following factors when ruling on a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in an prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another

proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending. See, e.g., Watkins, 229 B.R. at 909; Eichelberger, 225 B.R. at 439; Harker, 181 B.R. at 328; Klein, 39 B.R. 532-33; In re Pagnotta, 22 B.R. 521, 522 (Bankr. D. Md. 1982).

Section 707(a) provides three illustrative examples of cause. 11 U.S.C. § 707(a). However, these examples are not exclusive; therefore, other grounds constituting "cause" may justify dismissal. Leach, 130 B.R. at 857 n.5; Watkins, 229 B.R. at 908 . In this case, the Debtors have made no showing of cause. They assert that the estate is solvent, so they should be allowed to pay their creditors outside of bankruptcy. The first problem with this argument is that the findings of the bankruptcy court indicate that the estate may not be solvent. However, even if the estate is solvent, the ability of the Debtors to repay their debts does not constitute adequate cause for dismissal. Williams, 15 B.R. at 655 (citing H.R. Rep. No. 95-595, at 380 (1977); S. Rep. No. 95-989, at 94 (1978)); Kirby v. Spatz (In re Spatz), 221 B.R. 992, 994 (Bankr. M.D. Fla. 1998) ("It is well established and supported by Legislative History that the fact that a debtor is willing and able to pay his debts outside of bankruptcy does not constitute adequate cause for dismissal under section 707(a).").

Furthermore, even if the Debtors could make a showing of cause, the court cannot dismiss the case if there is a showing of prejudice to the creditors. Haney, 241 B.R. at 432; Watkins, 229 B.R. at 909; Klein, 39 B.R. at 532. Creditors can incur prejudice if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. Watkins, 229 B.R. at 909 (quoting In re Schwartz, 58 B.R. 923, 925-26 (Bankr. S.D.N.Y. 1986)). In the present case, the automatic stay has prevented creditors from collecting their debts for more than two years. To send them back to their state court remedies at this point would constitute prejudice. See Klein, 39 B.R. at 532-33.

Moreover, dismissal of a case after it has appeared that the debtors failed to account honestly for their assets should not be permitted because such a failure indicates the likelihood of further questionable practices to the detriment of creditors. Watkins, 229 B.R. at 909 (quoting In re Schwartz, 58 B.R. 923, 925-26 (Bankr. S.D.N.Y. 1986)). In this case the Debtors sold assets that were the subject of a dispute with the Trustee and used a large portion of the proceeds to pay prepetition creditors themselves. This action places the honesty of the Debtors in serious doubt, not only because of their inability to fully account for the proceeds of the sale, but because they seem to believe that they can choose which creditors will be

5

paid first even while in bankruptcy. Their actions throughout their bankruptcy strongly suggest that such practices will continue outside of bankruptcy to the prejudice of some or all of the creditors. See Watkins, 229 B.R. at 909 (quoting In re Schwartz, 58 B.R. 923, 925-26 (Bankr. S.D.N.Y. 1986)). Indeed, the Debtors stated that they did not know which creditors they would pay first if it turned out that they did not have enough money to pay them all in full. In short, by the time the Debtors brought this motion, they had lost all credibility with the court, leaving the court with ample evidence to conclude that dismissal would be prejudicial to creditors.

## CONCLUSION

The Debtors have not established any adequate cause for dismissal, and there has been an ample showing of prejudice to the creditors. Accordingly, the bankruptcy court did not abuse its discretion, and the decision of the bankruptcy court is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT