# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

---

No. 02-6055EM

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Robert Maixner, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Robert Maixner, | * | |
| | * | Appeal from the United |
| Debtor-Appellant. | * | States Bankruptcy Court |
| | * | for the Eastern District of |
| v. | * | Missouri |
| | * | |
| Kathy A. Surratt-States, | * | |
| | * | |
| Trustee-Appellee. | * | |
| | * | |

---

Submitted: February 3, 2003
Filed: February 19, 2003

---

Before KRESSEL, Chief Judge, DREHER, and FEDERMAN, Bankruptcy Judges.

---

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court,[1] which denied a motion by the Debtor, Robert Maixner ("Debtor"), to dismiss his Chapter 7 bankruptcy case. For the reasons given below, we affirm.

Debtor filed his Chapter 7 bankruptcy case on February 22, 2002. On June 5, 2002, Debtor received a discharge. On July 15, 2002, Debtor filed a motion to dismiss his case and to set aside his discharge, which motion was opposed by the Chapter 7 Trustee ("Trustee"). The court denied the Debtor's motion by order dated October 7, 2002. Debtor appealed from this order.[2]

Concurrently, the trustee was taking steps to administer the estate. On August 8, 2002, the bankruptcy court entered an order approving the Trustee's motion to employ a real estate agent. On October 8, 2002, the bankruptcy court entered an order approving the sale of Debtor's home. No appeal was taken from the order approving the sale.

The decision of whether to grant a motion to voluntarily dismiss a bankruptcy petition lies within the discretion of the bankruptcy court and is reviewed only for an abuse of discretion. Turpen v. Eide (*In re* Turpen), 244 B.R. 431, 433 (B.A.P. 8th Cir. 2000); Peterson v. Atlas Supply Corp. (*In re* Atlas Supply Corp.), 857 F.2d 1061,

---

[1] The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri.

[2] Because the bankruptcy court issued an order generally denying the motion, it is not clear whether the bankruptcy court denied both requests for relief. The parties have not briefed the issue of whether it would have been appropriate to set aside the discharge. Because we affirm the denial of the motion to dismiss, we need not address whether it would have been appropriate to set aside the discharge. See 11 U.S.C. § 349. We do note, however, that Debtor failed to provide the bankruptcy court or this appellate panel with any statutory basis for such a request or any argument as to why such relief would have been appropriate.

1063 (5th Cir. 1988); Leach v. United States (*In re* Leach), 130 B.R. 855, 856 ( B.A.P. 9th Cir. 1991).

11 U.S.C. § 707(a) provides that a court may dismiss a case under Chapter 7 only after notice and a hearing and only "for cause."  Courts have held that this provision applies to voluntary dismissals.  *See In re* Turpen, 244 B.R. at 433; *In re* Williams, 15 B.R. 655, 658 (E.D. Mo. 1981).  Because a debtor does not have an absolute right to dismiss, the debtor must show cause for the dismissal.  *In re* Haney, 241 B.R. 430, 432 (Bankr. E.D. Ark. 1999).  Even if the Debtor can show cause for the dismissal, the bankruptcy court should deny the motion if there is any showing of prejudice to creditors.  *In re* Turpen, 244 B.R. at 433; *In re* Leach, 130 B.R. at 857; *In re* Haney, 241 B.R. at 432.

Our decision in Turpen sets forth the factors which should generally govern consideration of a debtor's motion to dismiss in a Chapter 7 case.  The factors are: "(1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending."  *In re* Turpen, 244 B.R. at 434.

Debtor asserts he should have been allowed to dismiss his case, but he provided the bankruptcy court with no reason for dismissal and, on appeal, has failed to explain how the bankruptcy court erred.  He has also failed to provide this appellate panel with a transcript of the proceedings below.  As a result, we are left with no basis for finding the bankruptcy court abused its discretion.  McCormick v. Diversified Collection Servs., Inc. (*In re* McCormick), 259 B.R. 907, 909 (B.A.P. 8th Cir. 2001); Lopez v. Long *(In re* Long), 255 B.R. 241, 245 (B.A.P. 10th Cir. 2000). For this reason alone, we would affirm.

As best we can discern, Debtor's only basis for requesting dismissal was that Debtor wanted to protect his home from his creditors. A debtor's desire to save for himself the equity in his home to the detriment of his creditors is not grounds for a voluntary dismissal.

Finally, Debtor complains that his attorney failed to convert the case to a Chapter 13 at his request. He also seems to expect that he can still save his home. Differences with counsel in the conduct of the case provide no basis for reversal. And, it is too late to protect the home which was sold pursuant to a court order from which no appeal was taken.

ACCORDINGLY, we AFFIRM the decision of the bankruptcy court.[3]

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[3] Our decision renders Appellee's motion to dismiss based on Debtor's multiple violations of Bankruptcy Rule 8001 *et seq.*, moot. FED. R. BANKR. P. 8001 *et seq.*