# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

———

No. 07-6065

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Hope P. Blumeyer, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Hope P. Blumeyer, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Eastern |
| Appellant, | * | District of Missouri |
| | * | |
| v. | * | |
| | * | |
| David A. Sosne, Trustee, | * | |
| | * | |
| Appellee. | * | |
| | * | |

———

Submitted: March 7, 2008
Filed: March 13, 2008

———

Before KRESSEL, Chief Judge, FEDERMAN and MAHONEY, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

Hope Blumeyer appeals the decision of the bankruptcy court[1] which denied her motion to reconsider the denial of her motion to dismiss her case, set aside the dismissal of Arthur Blumeyer's bankruptcy case, set aside the denial of the statutory trustee's motion to dismiss Arthur's case, and set aside the order approving the trustee's compromise and settlement and sale of assets in Arthur's case.[2] We affirm.

## Background

In February of 1994, Arthur Blumeyer was convicted of mail fraud, wire fraud, conspiracy, and money laundering in connection with various companies involved in the insurance business, including Bel-Aire Insurance Company. Bel-Aire and other related companies are currently in receivership and Arthur is incarcerated in a federal penitentiary.

On March 23, 1998, Arthur filed a Chapter 11 bankruptcy petition in the Eastern District of Missouri. His wife, Hope Blumeyer filed her own Chapter 11 petition in Florida on June 8, 1998. Her case was transferred to the Eastern District of Missouri. Both cases were converted to Chapter 7 cases and David Sosne was appointed trustee in both cases.

During the administration of the cases, the trustee agreed to sell Arthur's and Hope's interests in Bel-Aire and its affiliated entities, and any claims they had against the Missouri Department of Insurance to the department of insurance. On July 6, 1999, the trustee sought approval of this agreement. The statutory trustee, who was

---

[1]The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri.

[2] Hope has also filed for leave to expand the record on appeal. We deny this motion as we find there are no grounds which justify expanding the current record, especially to include events that occurred after the bankruptcy court's decision. We note, however, that nothing in the expanded record would change our decision.

appointed by the Circuit Court of Cole County, then brought a motion which claimed that the appointment of the statutory trustee divested Arthur from control of his assets and the ability to file a bankruptcy case, arguing that the bankruptcy trustee could not administer the estate. The bankruptcy court treated the statutory trustee's motion as one to dismiss the bankruptcy case. On August 4, 2003, the bankruptcy court denied the motion. Neither Arthur nor Hope appealed this order.

On June 16, 2004, the bankruptcy court granted the trustee's motion to approve a compromise and settlement with the department of insurance and a sale of estate assets. On June 28, 2004, Arthur brought a motion to dismiss his bankruptcy case or to stay the order which authorized the sale of estate assets. The bankruptcy court denied this motion. Arthur appealed to the district court. His appeal was dismissed for failure to pay the filing fee.

On September 12, 2006, the bankruptcy court dismissed Arthur's case for failure to pay the entire filing fee and for failure to file a complete set of schedules and statements. The bankruptcy court retained jurisdiction to permit the trustee to distribute the estate's assets.

On August 23, 2007, Hope filed a motion in her bankruptcy case to (1) set aside the order of dismissal of Arthur's case; (2) set aside the order in Arthur's case which denied the statutory trustee's motion to dismiss; (3) set aside the order in Arthur's case which approved the compromise and settlement and authorized the sale of estate assets; and (4) dismiss her bankruptcy case. The bankruptcy court denied her motion on September 14, 2007. Hope filed a motion to reconsider on

September 24, 2007, which the bankruptcy court denied on September 27, 2007. She appealed on October 9, 2007.[3]

## Standard of Review

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Debold v. Case*, 452 F.3d 756, 761 (8th Cir. 2006); *In Re Vondall,* 364 B.R. 668, 670 (B.A.P. 8th Cir. 2007). We review issues committed to the bankruptcy court's discretion for an abuse of that discretion. *In re Neal*, 461 F.3d 1048, 1055 (8th Cir. 2006). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Id.* A decision to grant a motion to voluntarily dismiss a bankruptcy case is reviewed for abuse of discretion. *In re Turpen,* 244 B.R. 431, 433 (8th Cir. B.A.P. 2000).

## DISCUSSION

### The Orders Entered in Arthur's Case.

With the exception of the denial of Hope's motion to dismiss her case, the orders at issue in this appeal are all orders entered in Arthur's case . We affirm the

---

[3]The trustee has argued that Hope's appeal is untimely because it was not filed within ten days of the entry of the order denying Hope's motion to reconsider, as required by Fed. R. Bankr. P. 8002(a). However, we conclude that the motion was timely because Monday, October 8, 2007, the tenth day after the entry of the order, was a legal holiday. Therefore, it was excluded from the calculation of the ten day period under Fed. R. Bankr. P. 9006(a). Hope had until Tuesday, October 9, 2007 to file her appeal.

bankruptcy court's denial of Hope's motion to reconsider the orders entered in Arthur's case. There are many reasons why we reject Hope's appeal from these orders.

We are unclear whether Hope is attempting to appeal the old orders directly, the order denying her motion for relief from those orders, or the order denying her motion to "reconsider" the later order. First, the period for timely filing an appeal is 10 days from the date of the entry of the judgment, order, or decree appealed from. *See* Fed. R. Bankr. P. 8002(a). As to all of the orders in Arthur's case, Hope's appeals are untimely. The denial of the dismissal of Arthur's case, and the approval of the compromise and settlement and sale of assets, and the dismissal of Arthur's case occurred in 2003, 2004, and 2006 respectively. The orders have long since become final, and Hope may not appeal them years afterwards. Nor has she shown any grounds for revisiting these orders under Rule 60, the only possible rule that could apply.

Second, Hope has not demonstrated that she is an aggrieved party who has the right to appeal the orders entered in Arthur's case. The right to appeal is limited to parties who are aggrieved in some appreciable manner by the judgment. A person is aggrieved if the judgment bears directly and injuriously on his or her interests. Because she has not demonstrated how the orders entered in Arthur's case have adversely affected her interests, Hope does not have the right to appeal these orders.

Third, Hope lacks standing to appeal the orders in Arthur's case. Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies. Therefore, the plaintiff must have standing to sue in order for a federal court to have the power to hear and decide the case. *See Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). To show Article III standing, a plaintiff has the burden of proving: (1) that she suffered an injury-in-fact; (2) a causal relationship between the injury and the challenged conduct; and (3) that the injury likely will be redressed

by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact is a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* Hope has not demonstrated that she has suffered an injury-in-fact with respect to the bankruptcy court's decisions entered in Arthur's case. Thus, she does not have standing to seek relief from those orders and may not appeal those orders.

Fourth, Hope filed the motion to set aside the orders in Arthur's case in the her case when she should have filed the motion in <u>his</u>. Fed. R. Bankr. P. 9004(b) requires motions to include the correct title of the case and bankruptcy docket number. Because Hope's motion contained only the title and docket number for her case, it was not filed in Arthur's case. Therefore, we do not have a proper record the proceedings in Arthur's case. Nor are we certain that the parties in interest in Arthur's case received notice of Hope's motion or this appeal.

Finally, Hope has failed to show that the bankruptcy court erred with respect to the orders entered in Arthur's case. The bankruptcy court did not abuse its discretion in dismissing Arthur's case for failure to pay filing fees and for failure to file complete schedules. It did not err in ruling that the appointment of the statutory trustee did not divest the debtor of its assets and ability to file bankruptcy. It did not abuse its discretion when it approved the compromise and settlement and sale of assets.

For the forgoing reasons, we affirm the bankruptcy court's denial of Hope's motion to reconsider the bankruptcy court's denial of her motion to set aside the dismissal of Arthur's case, the compromise and settlement and order of sale in Arthur's case, and the denial of the dismissal of Arthur's case.

6

**The Bankruptcy Court Did Not Abuse Its Discretion by Denying the Debtor's Motion to Dismiss Her Bankruptcy Case.**

To the extent that Hope's appeal is from the bankruptcy court's denial of her motion to dismiss her case, we consider the bankruptcy court's order final. *See Stuart v. Koch (In re Koch),* 109 F.3d 1285, 1288 (8th Cir. 1997)*, Ladikav. Luker (In re Ladika)*, 1998 WL 665579 (8th Cir. B.A.P. 1998). A debtor has no absolute right to dismissal of a Chapter 7 case. *In re Turpen,* 244 B.R. 431, 434 (8th Cir. B.A.P. 2000). In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified. *Id.* Even if the debtor can show cause, the court should deny the motion if it prejudices creditors. *Id.* Courts generally consider the following factors when ruling on a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in an prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending. *Id.*

Given that Hope has waited until the proverbial eleventh hour to request dismissal of her case that has spanned ten years, we conclude that the bankruptcy court did not abuse its discretion in denying the debtor's motion to dismiss her case. Despite Hope's best efforts to hinder the trustee's collection and distribution of estate assets, the trustee has finally succeeded in gaining approval of his amended final report and proposed distribution. He is now poised to make a distribution to Hope's creditors who have waited a decade to receive payments on their debts. At this juncture, it would not be in the best interests of creditors to dismiss Hope's case. We conclude that the bankruptcy court did not abuse its discretion by denying Hope's motion to dismiss her bankruptcy case.

## CONCLUSION

The orders of the bankruptcy court are affirmed.

————————————