FILED

U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**February 14, 2025**

**Anne M. Zoltani**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| IN RE SHERRY ANN MCGANN, | BAP No. CO-24-4 |
| Debtor. | |
| _____ | |
| SHERRY ANN MCGANN, | Bankr. No. 20-18118 |
| | Chapter 7 |
| Appellant, | |
| v. | |
| JEANNE Y. JAGOW, Chapter 7 Trustee, | OPINION |
| Appellee. | |

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Before **HALL**, **PARKER**, and **THOMAS**,[2] Bankruptcy Judges.

_____

**PARKER**, Bankruptcy Judge.

Individuals filing bankruptcy tacitly agree to submit to the Bankruptcy Code and Rules governing their type of case. Chapter 7 bankruptcy contemplates an orderly, court-

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] Paul R. Thomas, Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of Oklahoma, sitting by designation.

supervised procedure by which a trustee takes over the debtor's assets, reduces them to cash, and makes distributions to creditors, subject to certain exemptions. That framework does not contemplate debtors going rogue to formulate their own repayment plan and then moving to dismiss the case without regard for the interests of all creditors.

Here, a chapter 7 debtor owned real property subject to four claims, two of which were released pursuant to a settlement agreement. The trustee attempted to gain access to the property to determine its liquidation value, but the debtor thwarted those efforts. The trustee then filed a turnover motion, which the Bankruptcy Court granted. The debtor subsequently filed a motion to dismiss her case, asserting she intended to pay the remaining claims against the property along with certain other claims she deemed legitimate. The Bankruptcy Court denied the motion concluding under the totality of the circumstances that no cause existed for dismissal. For the reasons that follow, we affirm the Bankruptcy Court's decision.

## I.      Background

On December 22, 2020, Debtor-Appellant Sherry McGann filed a petition for chapter 7 bankruptcy relief, and Jeanne Y. Jagow was appointed as the chapter 7 trustee ("Trustee"). On the petition date, Appellant owned real property and improvements located at 1535 Grand Avenue, Grand Lake, Colorado 80447 ("Property").

On January 5, 2021, Appellant filed her Schedule C and claimed a homestead exemption in the amount of $105,000 against the Property. She also listed four claims secured by the Property on her Schedule D: (1) a first mortgage held by Cenlar FSB for $420,927; (2) a second mortgage held by Elevations Credit Union for $144,467; (3) a lien

-2-

held by 1450 Oka Kope, LLC ("Oka Kope") for $500,000; and (4) a lien held by Oka Kope for $351,000. Appellant listed the two liens held by Oka Kope as disputed.

On March 31, 2021, the Bankruptcy Court granted Appellant her discharge under 11 U.S.C. § 727. Thereafter, the Trustee filed an adversary proceeding against Oka Kope and a related creditor seeking to avoid and recover multiple alleged fraudulent transfers in connection with the certain real property located in Hawaii. The Trustee settled the adversary proceeding whereby Oka Kope agreed to withdraw its secured claims against the Property, and Oka Kope and the other creditor agreed to withdraw their claims against Appellant's bankruptcy estate ("Settlement Agreement"). In return, the Trustee agreed to release all claims the bankruptcy estate had against Oka Kope and the other creditor.

Appellant objected to the Settlement Agreement. The Bankruptcy Court held a hearing on the Settlement Agreement and, at the hearing, the Bankruptcy Court overruled Appellant's objection with her consent. The Bankruptcy Court approved the Settlement Agreement and Oka Kope subsequently released its liens against the Property.

Not long after, Appellant started filing motions to disallow certain claims. The Bankruptcy Court granted some of her motions. It denied, without prejudice, Appellant's motion to disallow Claim No. 11-1, the joint claim filed by creditors Menehune Ventures, LLC and Nick Braber for $154,845.38.[3]

---

[3] *Order Denying Debtor's Motion to Disallow Claim No. 11-1 Without Prejudice*, Bankr. ECF No. 224.

During this time, the Trustee began seeking access to the Property to determine whether it should be liquidated for the benefit of the estate. Appellant opposed all efforts.[4] In June 2023, the Trustee motioned the Bankruptcy Court to employ a real estate agent to sell the Property, which the Bankruptcy Court granted over Appellant's objection.[5]

On June 23, 2023, Appellant filed a motion[6] seeking to convert the case to chapter 11. While this motion was pending, the Trustee filed a *Motion for Order Requiring the Debtor to Turnover Property and Records to the Trustee* ("First Turnover Motion"), to which Appellant responded. Both motions came before the Bankruptcy Court on October 16-17, 2023. At that hearing, Appellant orally moved to withdraw her request to convert the case, which the Bankruptcy Court granted with prejudice. On October 24, 2023, the Bankruptcy Court entered an *Order Requiring the Debtor to Turnover Property to the Trustee* ("First Turnover Order"), which required Appellant to provide the Trustee with a key to the Property no later than November 13, 2023, and allow the Trustee reasonable access to the Property.[7]

---

[4] According to the Trustee, Appellant "filed two Motions to Convert her case to different chapters of bankruptcy relief, refused to cease Mystic Magic Mushroom operations at the . . . Property, and denied the Trustee's request to list the estate as a co-insured on [the] . . . Property insurance policy." First Turnover Motion at 2, Bankr. ECF No. 297.

[5] *Amended Order Granting Trustee's Application to Employ LIV Sotheby's International Realty as Listing Agent/Borker [sic]*, *in* Appellant's App. at 130.

[6] *Motion to Convert Chapter 7 to Chapter 11, 9013-1.1 Notice, Certificate of Service*, Bankr. ECF No. 271.

[7] First Turnover Order, *in* Appellant's App. at 387. Appellant appealed the First Turnover Order, which was the subject of BAP Case No. 23-24. This Court dismissed the case as moot on May 3, 2024, as by that time the Trustee had accessed the Property as

On October 27, 2023, Appellant filed the *Debtors [sic] Motion for Reconsideration on Turnover of Property Doc#321* ("Motion for Reconsideration").[8] In the Motion for Reconsideration, Appellant argued that as a pro se litigant she was prejudiced by "inaccurate comments and assumptions the court made on the record" and the Bankruptcy Court lacked knowledge of the context in which the bankruptcy case was filed.[9] Appellant insisted she had the ability to pay her debts and therefore "close" the bankruptcy case.[10]

On the same day, Appellant also filed the *Debtors [sic] Motion to Voluntarily Dismiss Chapter 7 for Cause* ("Motion to Dismiss").[11] In the Motion to Dismiss, Appellant asserted she intended to pay the liens Cenlar FSB and Elevations Credit Union held along with other allegedly legitimate claims. Appellant also asserted she would not pay certain other claims, nor would she pay the Trustee's administrative expenses for legal counsel and accounting professionals—the illegitimate claims. Appellant contended she had been approved for a conditional loan to pay the legitimate creditors. The Trustee and multiple creditors objected to the Motion to Dismiss.[12] Appellant responded, raising many of the same arguments.[13]

---

ordered by the Bankruptcy Court in the First Turnover Order. BAP Case No. 23-24, ECF No. 61.

[8] Motion for Reconsideration, *in* Appellant's App. at 390.

[9] *Id.* at 2.

[10] *Id.*

[11] Motion to Dismiss, *in* Appellant's App. at 398.

[12] Objections, *in* Appellant's App at 485; *Trustee's Objection to Debtor's Motion to Voluntarily Dismiss Chapter 7 For Cause*, Bankr. ECF No. 340.

[13] Responses to Objections, *in* Appellant's App at 506, 546.

Subsequently, the Bankruptcy Court denied both the Motion for Reconsideration and the Motion to Dismiss.[14] Observing the Motion to Dismiss appeared to be an effort to avoid turnover of the Property, the Bankruptcy Court determined that, after the October Hearing, no factual disputes remained and found, under the totality of the circumstances, no cause existed to support dismissal. On February 5, 2024, Appellant filed a motion requesting reconsideration of the Order Denying Dismissal,[15] which the Bankruptcy Court denied.[16]

On February 20, 2024, Appellant filed a Notice of Appeal of multiple orders. This Court entered an *Order Construing Notice of Appeal as Multiple Notices of Appeal*[17] and assigned BAP Case No. 24-4 to the appeal of the Order Denying Dismissal. Following issuance of an *Order to Show Cause Why Appeal Should Not be Dismissed as Interlocutory* and related responses, this Court entered an *Order Allowing Appeal to Proceed*[18] determining the Order Denying Dismissal is final as it definitively disposes of the discrete dispute over whether cause exists under 11 U.S.C. § 707(a) to dismiss the chapter 7 case.

---

[14] *Order Denying Motion to Dismiss* ("Order Denying Dismissal"), *in* Appellant's App. at 779.

[15] *Debtors [sic] Motion for Reconsideration (Docket No. 371) and Debtor Noting & Correcting the Record – Offers of Proof*, *in* Appellant's App. at 813.

[16] *Order Denying Motion for Reconsideration of Order Denying Motion to Dismiss*, *in* Appellant's App. at 898.

[17] *Order Construing Notice of Appeal as Multiple Notices of Appeal*, BAP ECF No. 11.

[18] *Order Allowing Appeal to Proceed*, BAP ECF No. 14.

## II.     Jurisdiction

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[19] Appellant timely filed an appeal of the Order Denying Dismissal, which the BAP ultimately determined was a final order. No party has elected to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

## III.     Issue on Appeal and Standard of Review

Although Appellant presents several issues on appeal, the central issue is whether the Bankruptcy Court abused its discretion in determining no cause existed under § 707(a) to dismiss the chapter 7 case to enable Appellant to pay her creditors outside of bankruptcy instead of allowing the chapter 7 trustee to administer the bankruptcy estate for the benefit of creditors.

The decision of whether to grant a motion to voluntarily dismiss a bankruptcy petition is within the bankruptcy court's discretion and is reviewed only for an abuse of discretion.[20] Under the abuse of discretion standard, this Court will not disturb a bankruptcy court's decision unless it "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the

---

[19] 28 U.S.C. § 158(a)(1); *see id.* § (b)(1) and (c)(1); Fed. R. Bankr. P. 8003, 8005.
[20] *Redmond v. Kester (In re Kester)*, 339 B.R. 749, 751 (10th Cir. BAP 2006) (quoting *In re Maixner*, 288 B.R. 815, 817 (8th Cir. BAP 2003)).

circumstances."[21] "An abuse of discretion occurs when the [trial] court's decision is 'arbitrary, capricious or whimsical,' or results in a 'manifestly unreasonable judgment.'"[22] "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."[23]

### IV.     Analysis

A debtor does not have an absolute right to dismiss a chapter 7 bankruptcy case.[24] Rather, § 707(a) authorizes courts to dismiss a chapter 7 case, after notice and a hearing, if the movant establishes "cause." To succeed on a motion to dismiss under § 707(a), a debtor must establish "cause" by a preponderance of the evidence to demonstrate the dismissal is justified.[25] Under § 707(a), cause includes:

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition

---

[21] *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

[22] *Moothart*, 21 F.3d at 1504–05 (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)).

[23] *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[24] *In re Stephenson*, 262 B.R. 871, 873 (Bankr. W.D. Okla. 2001) ("Debtors should be cautioned that although they have an absolute right to file a bankruptcy petition, there is no absolute right to dismiss it. *See* Laura A. Pawloski[,] *The Debtor Trap: the Ironies of Section 707(a)*[,] 7 Bankr. Dev. J. 175, 180–81 (1990)."); *In re Turpen,* 244 B.R. 431, 434 (8th Cir. BAP 2000) ("[T]he debtor has no absolute right to dismissal of a Chapter 7 case."); *In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007) (same).

[25] *In re Enloe*, 373 B.R. 123, 133 (Bankr. D. Colo. 2007).

commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

This list is illustrative rather than exhaustive.[26] And "cause" is not defined in § 707(a). Thus, courts' opinions on what constitutes "cause" beyond the list broadly diverge.[27] Bankruptcy courts in the Tenth Circuit employ a totality of the circumstances approach to determine if the movant has shown cause to justify dismissal.[28] Specifically, courts consider the following factors: "[1] the best interests of both debtor and creditors; [2] trustee's consent or objection; [3] potential to delay creditor payments; [4] good or bad faith in seeking dismissal; and [5] the possibility of payment priority becoming reordered outside of bankruptcy."[29] The prejudice a dismissal might cause the estate's creditors is the foremost issue and weighs heavily in the analysis.[30] Further, this Court has previously held § 707(a) does not contemplate a debtor's ability to repay "debts in whole or in part constitutes adequate cause for dismissal."[31]

In the Order Denying Dismissal, the Bankruptcy Court determined that, under the totality of the circumstances, Appellant did not meet her burden to establish cause for purposes of a § 707(a) dismissal. The Bankruptcy Court rejected Appellant's argument she could pay her creditors in full based on a proposed conditional commitment letter

---

[26] *See generally* 11 U.S.C. § 102(3) (noting that for purposes of the Code, "'includes' and 'including' are not limiting").

[27] *In re Isho*, No. UT–12–090, 2013 WL 1386208, at *3 (10th Cir. BAP Apr. 5, 2013) (unpublished).

[28] *Id.*

[29] *Id.* (citing *In re Schafroth*, No. 7–11–13685, 2012 WL 1884895, at *2 n.8 (Bankr. D.N.M. May 23, 2012) (unpublished)).

[30] *Id.* (citing *In re Schafroth*, 2012 WL 1884895, at *2 n.10).

[31] *Id.* (citing *In re Turpen*, 244 B.R. 431, 434 (8th Cir. BAP 2000)).

whereby Appellant promised the proposed lender a first lien on the Property because the Property was property of the bankruptcy estate, and therefore Appellant was not entitled to refinance the Property during the bankruptcy proceedings. Moreover, the Bankruptcy Court noted it did not have authorization to approve such a proposed refinance of the Property. In sum, the Bankruptcy Court determined this structural flaw mandated the Motion to Dismiss be denied. The Bankruptcy Court also held, in the alternative, that a debtor's ability to repay creditors was not sufficient "cause" for dismissal under § 707(a).

Finally, the Bankruptcy Court reviewed the totality of the circumstances factors courts considered in determining whether a dismissal is warranted under § 707(a). The Bankruptcy Court found Appellant's proposal would prejudice creditors and holders of priority administrative expense claims. The Bankruptcy Court reasoned, among the obvious prejudice inherent to Appellant's deemed illegitimate creditors, the general unsecured creditors would have no ability to recover anything from Appellant because her discharge had not been revoked and a dismissal would not nullify the effect of the discharge. The Bankruptcy Court also found prejudice to creditors because she filed the Motion to Dismiss more than three years following her bankruptcy petition during which time creditors were forestalled from collecting the amounts owed. The Bankruptcy Court determined dismissal would also prejudice creditors because it would remove the Property from the bankruptcy estate. Finally, the Bankruptcy Court reviewed the other factors weighing against dismissal noting (i) the Trustee had objected, (ii) dismissal

-10-

would likely delay payments to creditors, and (iii) Appellant proposed to reorder distribution priorities.[32]

Appellant makes several arguments on appeal. First, Appellant argues the Trustee engaged in misconduct.[33] She also contends the Bankruptcy Court abused its discretion by denying her proffered evidence and "being swayed by the misrepresentations of the Trustee who provided false and misleading information" regarding the history of the bankruptcy case[34] and references evidence of the value of the Property to argue the Property's value was already established.[35] Next, she asserts the Property is of inconsequential value and has suffered damage in the years since the Settlement

---

[32] The Bankruptcy Court determined an assessment of good faith or bad faith was not necessary under the circumstances given the overwhelming case against dismissal.

[33] Specifically, she contends the Trustee entered the Property unlawfully through use of forceful tactics and a forced turnover. Appellant also contends the Trustee is obligated under 28 U.S.C. § 586 to report suspected federal criminal law violations and the Trustee failed to do so during the "fraudulent redemption agreement" and "illegal seizure" of the Hawaii real property. She asserts the Trustee committed civil conspiracy to make "a global agreement" outside of the Settlement Agreement. Appellant also argues the Trustee is intentionally misleading the new trier of fact and violated § 327 because the Trustee did not seek permission to engage Mr. David Miller in the contested matter arising from the First Turnover Motion. Appellant, however, fails to connect these contentions with error on the part of the Bankruptcy Court in denying the Motion to Dismiss.

[34] Appellant's Opening Br. at 5, 9.

[35] *Id.* at 17 (citing Bankr. ECF No. 41, *Order Approving Trustee's Stipulation for Turnover*, by which the Bankruptcy Court ordered Appellant to turnover to the Trustee the *Appellant's* valuation of the Property). This order does not establish the Property's value in any way. In her reply brief, Appellant again argues the Property's value was previously established, also relying on Bankr. ECF Nos. 125, *Order on Debtor's Notice to the Court*, *in* Appellant's App. at 20, and 263, *Courts [sic] Notice or Order and BNC Certificate of Mailing*, *in* Appellant's App. at 114. Neither of these pleadings establish the Property's value.

Agreement and thus she does not "qualify to be in [] bankruptcy."[36] Finally, at oral argument, Appellant argued offset rights are central to her claim, and the Bankruptcy Court's failure to evaluate her offset argument constitutes legal error. Specifically, Appellant argued she has offset rights on Claim 11-1 because the Trustee did not collect a certain judgment, implying that if the Trustee had collected the sum, Claim 11-1 would have been resolved.

First, Appellant devotes the majority of her briefs to discussing the Trustee's conduct but fails to explain why this conduct supported dismissal of her case or why the Bankruptcy Court abused its discretion in light of this alleged conduct. This Court does not have jurisdiction to review the Trustee's alleged misconduct through this appeal process as an independent issue; the Court's review is limited to whether the Bankruptcy Court abused its discretion in entering the Order Denying Dismissal. In reviewing the Bankruptcy Court's decision, this Court cannot make independent factual findings, nor does it have authority to relitigate the below proceeding.[37] Rather, this Court reviews only the order appealed and determines whether it "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[38]

---

[36] *Id.* at 15, 17.

[37] In a bankruptcy appeal, appellate courts defer to a bankruptcy court's findings of fact unless they are clearly erroneous. Fed. R. Bankr. P. 8013; *Hedged-Invs. Assocs., Inc. v. Brinker (In Hedged-Invs. Assocs., Inc.)*, 380 F.3d 1292, 1297 (10th Cir. 2004).

[38] *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

Second, Appellant fails to demonstrate any abuse of discretion by the Bankruptcy Court in disregarding Appellant's argument regarding the value and condition of the Property. No evidentiary hearing took place in connection with the Motion to Dismiss as Appellant did not request one and "instead contended that the [Bankruptcy] Court could and should rule on the Motion to Dismiss and Objections based on her written and oral presentations."[39] Accordingly, the Court determines the Bankruptcy Court did not abuse its discretion in entering the Order Denying Dismissal given the multitude of factors the Bankruptcy Court found warranting denial of the Motion to Dismiss.

Finally, Appellant's argument regarding offset is equally unpersuasive. First, Appellant did not explicitly identify an argument addressing offset rights in her opening brief. To the extent Appellant impliedly raised such an argument, such presentation is inadequate. Either way, Appellant's failure to raise or adequately present the offset argument waives this issue even though Appellant asserted it at oral argument.[40]

The Bankruptcy Court provided a detailed and reasoned explanation to support its conclusion there was no cause for dismissal. In the Motion to Dismiss, Appellant argues cause exists because she can pay her legitimate creditors in full and thus no creditor is prejudiced. Below and on appeal, she offers no legal basis to forgo paying the Trustee and creditors she considers illegitimate. The Bankruptcy Court accurately identified the

---

[39] Order Denying Dismissal at 8, *in* Appellant's App. at 786.

[40] *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995) (declining to consider inadequately briefed issue although plaintiff attempted to assert it at oral argument).

multiple ways in which her proposal clearly prejudices creditors. Under these circumstances, denial of the Motion to Dismiss does not constitute an abuse of discretion. Finally, even if Appellant's proposal were sound, Appellant's ability to repay her debts alone does not constitute adequate cause for dismissal.[41]

## V. Conclusion

Based on the record, the Bankruptcy Court did not abuse its discretion in entering the Order Denying Dismissal. Accordingly, this Court AFFIRMS the Bankruptcy Court.

---

[41] *In re Isho*, No. UT–12–090, 2013 WL 1386208, at *3 (10th Cir. BAP Apr. 5, 2013) (unpublished) (citing *In re Turpen*, 244 B.R. 431, 434 (8th Cir. BAP 2000)).