**In re Everett L. MARTWICK; Charlotte E.M. Martwick, Debtors.**

**Everett L. MARTWICK; Charlotte E.M. Martwick, Plaintiffs–Appellants,**

**v.**

**AGRIBANK, FCB, Defendant–Appellee.**

**No. 94–4111.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1995.

Decided July 19, 1995.

Michael Ward, Minot, ND, for appellants.

Richard P. Olson, Minot, ND, for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

On August 10, 1993, Everett and Charlotte Martwick filed for Chapter 7 bankruptcy relief the day before a scheduled Sheriff's foreclosure sale of their dairy farm. The Martwicks received a Chapter 7 discharge on November 3, 1993, and on December 13 the bankruptcy court[1] ordered the secured creditor, AgriBank, FCB, "to resell the property to the highest bidder after giving proper notice by advertisement." On January 11, 1994, the Sheriff of McHenry County, North Dakota, issued a Notice that he would sell the property on February 14, 1994.

On February 9, 1994, the Martwicks petitioned for Chapter 11 bankruptcy relief. On February 10, AgriBank moved to lift the automatic stay in bankruptcy, to dismiss the Chapter 11 case as a bad faith filing, and to expedite the hearing on those motions. The bankruptcy court immediately granted the motion to expedite and set the other motions for hearing on February 14, before the scheduled sale. On February 11, the Martwicks filed a motion to continue the February 14 hearing on the ground that their attorney was out of the State on another matter and would not return to North Dakota until after February 14. The bankruptcy court denied a continuance, conducted the hearing on February 14 with neither the Martwicks nor their attorney present, and entered orders lifting the automatic stay and dismissing the Chapter 11 case. The Sheriff completed the foreclosure sale that day.

One week later, the Martwicks appealed to the district court, alleging that the bankruptcy court abused its discretion in denying their motion for continuance, and seeking a stay pending appeal. The bankruptcy court denied their motion for stay, explaining:

> [T]here is virtually no possibility that the Debtors could achieve reorganization under Chapter 11.... From the evidence presented at the [February 14] hearing and the Debtors' own bankruptcy schedules.... it was abundantly clear that the only reason for filing this Chapter 11 was to thwart the legitimate efforts of Agri Bank to foreclose on its mortgage.

The district court[2] affirmed and the Martwicks appeal.

The bankruptcy court did not abuse its discretion in denying the Martwicks' February 11 motion for a continuance. As the district court noted, the Martwicks received sufficient actual notice of AgriBank's motions and of the February 14 hearing to satisfy the requirements of the Bankruptcy Code and due process. The Martwicks were responsible for any difficulty they had in appearing at the February 14 hearing—their attorney waited until the last minute to file the Chapter 11 petition, and counsel elected to leave the State on the eve of the foreclosure sale, knowing that AgriBank would likely seek to lift the Chapter 11 automatic stay. Having created the problem, counsel then elected not to return to North Dakota for the February

1. The HONORABLE WILLIAM A. HILL, United States Bankruptcy Judge for the District of North Dakota.

2. The HONORABLE PATRICK A. CONMY, United States District Judge for the District of North Dakota.

14 hearing or have another attorney cover the hearing.

We have carefully considered the Martwicks' other contentions on appeal and conclude they are without merit. The judgment of the district court is affirmed. AgriBank's motion to dismiss the appeal as moot is denied.