# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 09-6026

In re:                                              *
                                                    *
Kevin Ray Asbury, d/b/a/RKAngus,                    *
d/b/a Premium Beef Services;                        *
Yvette Marie Asbury,                                *
                                                    *
        Debtors.                                    *
                                                    *
                                                    *       Appeal from the United States
Kevin Ray Asbury,                                   *       Bankruptcy Court for the
                                                    *       Western District of Missouri
        Debtor - Appellant .                        *
                                                    *
             v.                                     *
                                                    *
Alliant Bank; David Jones; Sharon Jones;*
Sand Cattle Company, LLC,                           *
                                                    *
        Creditors - Appellees.                      *
                                                    *

Submitted:  December 18, 2009
Filed: February 9, 2010

Before KRESSEL, Chief Judge, MAHONEY and SALADINO, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

The debtor appeals from an order of the United States Bankruptcy Court for the Western District of Missouri[1] entered on July 14, 2009, denying court approval of a written waiver of his right to a discharge under 11 U.S.C. § 727(a)(10). For the reasons stated below, we affirm.

Facts and Procedural History

The debtors filed a voluntary Chapter 7 bankruptcy petition on October 31, 2008. The scheduled amounts of assets and liabilities were large, and claims in excess of $11 million were filed. Creditors filed a number of adversary proceedings against the debtors; some objected to the dischargeability of particular debts under 11 U.S.C. § 523, some objected to entry of a discharge under 11 U.S.C. § 727, and some objected to both. The debtors moved to dismiss the Chapter 7 case, asserting they did not have the resources to litigate all of the adversary proceedings. After objections were filed but before a hearing was held, the debtors withdrew the motion to dismiss and filed the debtor Kevin Asbury's waiver of discharge. Three creditors objected, arguing that the debtor was attempting to escape the effect of having judgments entered against him in the adversary proceedings and force the creditors to pursue him outside of bankruptcy, likely in his new home state of Florida. After two hearings, the bankruptcy court denied the waiver of discharge, finding that the debtor did not clearly understand the legal consequences of a waiver and a waiver would prejudice the creditors, and further finding that it had proper jurisdiction to adjudicate the nondischargeability claims and enter a money judgment. This appeal, on the issue of whether the bankruptcy court properly refused to approve the debtor's waiver of discharge, followed.

---

[1]The Honorable Dennis R. Dow, Chief United States Bankruptcy Judge for the Western District of Missouri.

## Standard of Review

The appropriate appellate standard of review was set forth in Official Committee of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.), 397 F.3d 647, 650-51 (8th Cir. 2005):

> We review the bankruptcy court's interpretation of the Bankruptcy Code de novo and its findings of fact for clear error. [Hold-Trade Int'l, Inc. v. Adams Bank & Trust (In re Quality Processing, Inc.)] In re Quality Processing, 9 F.3d 1360, 1363 (8th Cir. 1993). We review issues committed to the bankruptcy court's discretion for an abuse of that discretion. [Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc. (In re Jones Truck Lines, Inc.)] In re Jones Truck Lines, Inc., 63 F.3d 685, 686 (8th Cir. 1995). The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. Stalnaker v. DLC, Ltd., 376 F.3d 819, 825 (8th Cir. 2004).

Waiver of a right is an intentional relinquishment of that right, so whether a waiver has occurred is a factual determination that is reviewed for clear error. First Nat'l Bank v. Allen, 118 F.3d 1289, 1294 (8th Cir. 1997); Tatge v. Tatge (In re Tatge), 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). A factual finding is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

## Discussion

The Bankruptcy Code provides for a debtor's discharge from liability on his debts, unless the debtor has engaged in conduct to thwart the collection, administration, and distribution of his assets to his creditors, previously received a

3

discharge within the time frame prohibited by the Code, fails to complete a course on personal financial management, or obtains approval by the court of a written waiver of discharge. 11 U.S.C. § 727(a). Specifically, § 727(a)(10) states: "The court shall grant the debtor a discharge, unless — . . . (10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter[.]"

The debtor argues that the bankruptcy court improperly refused to approve his waiver because the court exceeded the scope of its authority under § 727(a)(10) by considering the best interests of the parties. In the debtor's view, the court should approve a waiver whenever a debtor establishes the waiver was made voluntarily and intentionally. He argues that the drafters of the Bankruptcy Code knew how to instruct a judge to consider a party's best interests, and did so in numerous provisions of the Code. That they did not so instruct the court in § 727(a)(10) is telling, according to the debtor, and indicates Congressional intent to constrain the judge's weighing of factors such as the debtor's good faith or motivation, or the potential harm to creditors.

The Bankruptcy Code imposes four requirements for an effective discharge waiver: (1) the waiver must be in writing; (2) it must be signed by the debtor; (3) it must be filed post-petition; and (4) it must be approved by the court. § 727(a)(10); In re Eliscu, 163 B.R. 335, 340 (Bankr. N.D. Ill. 1994); Cheripka v. Republic Ins. Co. (In re Cheripka), 122 B.R. 33, 37 (Bankr. W.D. Pa. 1990).

Contrary to the debtor's argument, this waiver is not self-effectuating. It requires the approval of the bankruptcy court. The debtor seems to be operating under the impression that the court's approval is merely a formality, that the judge is to simply rubber-stamp the waiver – no more, no less – and let the debtor be on his way. If this were the case, the Code would not need to require court approval; the clerk could automatically enter an order approving such a waiver, for instance, without the judge ever seeing it. Instead, Congress deemed review by the court to be essential before judicial authority could be exercised to approve the waiver.

4

A waiver is the intentional relinquishment or abandonment of a known right. Kontrick v. Ryan, 540 U.S. 443, 458 n.13 (2004). No one can be bound by a waiver of one's rights unless it was made with full knowledge of the rights intended to be waived. Cameron v. Norfolk & W. Ry., 891 S.W.2d 495, 500 (Mo. Ct. App. 1994). Accordingly, there must be an inquiry by the court to determine whether the waiver is indeed intentional. In this case, the bankruptcy court conducted such an inquiry. It held two hearings, at the conclusion of which it determined that the debtor did not fully appreciate the rights he purported to give up and, as a result, the waiver could not be approved.

The terms of the Bankruptcy Code do not provide a simple escape mechanism for a Chapter 7 debtor who decides he wants to abandon his case prior to discharge. A Chapter 7 debtor has no absolute right to dismiss his or her case; in order to voluntarily dismiss the case, the debtor must show cause. Turpen v. Eide (In re Turpen), 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000). Although the statutory section expressly mentions only cause, courts have read into it a requirement to protect creditors as well. Id. ("Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors.") Mr. Asbury took the alternative route of attempting to waive discharge in an effort to avoid the perceived consequences of his bankruptcy filing and the adversary proceedings it gave rise to. That alternative route is not a fast track to escaping bankruptcy unscathed. When a debtor files a bankruptcy petition, he chooses the forum to deal with his creditors and brings them into the bankruptcy arena, willingly or not. Once they are here, the bankruptcy court has a duty to protect their interests as well as the debtor's. Adopting the argument advanced by the debtor could lead to abuse of the bankruptcy system by manipulative debtors who seek to thwart their creditors. For these reasons, the bankruptcy court's evaluation of the objecting creditors' interests along with the evidence indicating the likelihood that the debtor may not have fully comprehended the import of the waiver was appropriate.

Conclusion

When a debtor files a waiver of discharge under § 727(a)(10), the bankruptcy court must assess whether the waiver is an intentional relinquishment of the debtor's known rights. In so doing, the court may take the creditors' interests into consideration. The bankruptcy court's refusal to approve the debtor's waiver in this case is affirmed.

KRESSEL, Chief Judge, dissenting.

Because I think the bankruptcy court and the majority have expanded 11 U.S.C. § 727(a)(10) beyond its intended meaning, I dissent. The opportunity of a debtor to waive his or her discharge has been part of the bankruptcy law for many years. The Bankruptcy Act of 1898, as amended, which was the law prior to 1979, provided: "The bankrupt may, before the hearing on such application (for discharge), waive by writing, filed with the court, his right to a discharge." 11 U.S.C. § 32 ( repealed). Two bankruptcy rules implemented and perhaps modified the statute. Bankruptcy Rule 405 provided "Any bankrupt may waive his right to discharge by a writing filed with the court" and Rule 404(d)(2) provided "the court shall forthwith grant the discharge unless the bankrupt has filed a waiver under Rule 405."[2]

The Bankruptcy Reform Act of 1978 carried the waiver concept forward in 11 U.S.C. § 727(a)(10), but added the requirement that the court approve the written waiver and that the waiver be executed after the order for relief under chapter 7.

The few courts that have addressed § 727(a)(10), have struggled with the proper role of the court, as have we. As seems to be true with so much bankruptcy

---

[2] Before 1978, the Supreme Court was authorized to promulgate bankruptcy rules that superseded the Bankruptcy Act to the extent that they were inconsistent.

legislation, the legislative history of the Bankruptcy Reform Act is devoid of any indication of what Congress thought the role of the court should be in approving a waiver under § 727(a)(10). One thing is clear, however: the statute does not include the language "after notice and a hearing." I would take that to be intentional and infer from that omission that Congress did not intend that creditors or parties in interest, other than the debtor, have a role in the court's determination of whether or not to approve the waiver. I think the court's proper role is limited to assuring that the statutory requirement that the waiver be executed after the order for relief is met and the waiver is a true one, i.e., that the debtor has knowingly executed the waiver. The Supreme Court has told us that "a waiver is the intentional relinquishment or abandonment of a known right." *Contrick v. Ryan*, 540 U.S. 443, 458, note 13 (2004). Therefore, it would be appropriate for the court to assure itself that the written document did indeed represent the debtor's intentional relinquishment of a known right.

The bankruptcy court clearly considered the concerns and interests of creditors in its decision and, in fact, the effect of the waiver on creditors weighed very heavily in the court's decision. The court also indicated that it felt the debtor was not fully cognizant of all of the ramifications and effects of his waiver. I think such inquiries are beyond the scope of the court's proper role. It is clear from the record that this debtor was competently advised by his attorney of the legal effect of his waiver. The fact that the court and the debtor's attorney disagreed over some of the consequences of that waiver is to me an irrelevant inquiry.

Because I feel that the bankruptcy court applied the wrong legal standard in denying its approval of the debtor's discharge, I would hold that the bankruptcy court should have approved the debtor's waiver of his discharge.

_____

7