# United States Court of Appeals
### For the Eighth Circuit

_____

No. 11-3523
_____

In re: Dennis E. Hecker

*Debtor*

------------------------------

Dennis E. Hecker

*Appellant*

v.

Randall L. Seaver, Trustee

*Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 18, 2012
Filed: January 11, 2013

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

LOKEN, Circuit Judge.

In September 2005, GELCO Corporation ("GELCO") entered into a sales-commission agreement ("SCA") with Dennis Hecker and two of Hecker's companies whereby GELCO acquired vehicle fleet-leasing assets in exchange for $20 million plus a series of deferred, formula-based incentive payments. Hecker petitioned for protection under Chapter 7 of the Bankruptcy Code in June 2009, listing the SCA as non-exempt personal property with an estimated value of $6 million. He did not claim that payments owed under the SCA were exempt property on Schedule C of the petition. Hecker twice amended Schedule C, but never claimed an exemption for the SCA or its proceeds.

Hecker's Chapter 7 Trustee and two secured creditors, CorePointe Capital Finance LLC and U.S. Bank, asserted claims against GELCO for monies allegedly owed under the SCA. Following extensive negotiations, GELCO and these claimants agreed to a settlement in which GELCO would pay $2.07 million to the bankruptcy estate, $500,000 to CorePointe, and $1.53 million to U.S. Bank in exchange for a complete release of liability for all claims related to the SCA. On May 23, 2011, the Trustee filed a motion for bankruptcy court approval of the settlement. On June 10, the last day for filing objections, bankruptcy debtor Hecker filed an objection, arguing for the first time that the SCA was an employment agreement and therefore some payments owed by GELCO were exempt earnings under Minnesota law.

On June 15, the bankruptcy court held a hearing on the Trustee's motion to approve the settlement. Conceding that Hecker had not filed a motion to amend Schedule C to claim an exemption for SCA payments, counsel for Hecker moved to continue the settlement approval hearing so that he could file that motion. The bankruptcy court[1] denied this oral request for a continuance, overruled Hecker's objection, and approved the settlement, explaining:

_____

[1]The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.

[T]oday is about the settlement. . . . Mr. Hecker is making [claims] based on something that hasn't happened. He could have claimed this exempt [property] any time in the last two years. He didn't. As we sit here . . . whatever claims there are is property of the estate. . . . [W]hether [Hecker] . . . can make a claim later or not, I don't know and I express no opinion on that. But certainly the settlement is a terrific one . . . .

So all the Loomis v. Drexel [settlement approval] factors have been met here which is really all . . . I'm required to address today. Seems to me Mr. Hecker has no standing. He has no interest in any of this money. . . . Really no right to make any claims here. [His] claims and arguments . . . are outside the scope of today's hearing . . . . But the settlement's a good one. It's certainly deserving of approval . . . .

Hecker appealed to the district court,[2] which granted the Trustee's motion to dismiss the appeal. Hecker appeals, arguing the bankruptcy court erred by disregarding his request to amend his schedule of exempt property and approving the settlement. Concluding that the bankruptcy court did not abuse its discretion in denying a continuance and approving the settlement, we affirm.

1. Bankruptcy Rule 9019 provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Here, the Trustee moved to approve a settlement of disputed claims against GELCO, giving proper notice. In ruling on that motion at the June 15 hearing, the bankruptcy court properly looked to discretionary settlement approval factors first set forth by this court in Drexel v. Loomis, 35 F.2d 800, 806 (8th Cir. 1929).

Hecker has never disputed that the settlement was an appropriate compromise of disputed claims against GELCO for payments under the SCA. Rather, Hecker's

_____

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

-3-

objection to the settlement was based on his allegation that Minnesota exemption law gave him a superior interest in all or part of the settlement proceeds. The bankruptcy court overruled that objection because Hecker had no "standing," that is, no legitimate basis to object to the settlement at the time of the June 15 hearing, because he had never claimed the exemption. That conclusion was of course correct. In prior bankruptcy filings and representations to creditors, Hecker as bankruptcy debtor had repeatedly disclaimed any personal interest in the SCA and its proceeds. No motion or request to amend his claimed exemptions was pending, simply counsel's assertion that Hecker might have an exemption-based interest in the settlement proceeds some time in the future. As counsel for Hecker conceded at oral argument, if his request for a continuance was properly denied, Hecker had no valid ground for objecting to approval on June 15. Thus, the critical issue on appeal is whether the bankruptcy court erred in denying Hecker's oral request for a continuance at the June 15 hearing.

2. "The decision to grant a continuance of a hearing is within the discretion of the trial court and is only reversible upon showing abuse of discretion." In re Rice, 357 B.R. 514, 517 (B.A.P. 8th Cir. 2006), aff'd per curiam, 271 Fed. App'x 538 (8th Cir. 2008). Here, Hecker listed the SCA as non-exempt personal property worth an estimated $6 million when he filed for bankruptcy in 2009. Over the next two years, he twice amended his Schedule C exemptions without claiming an exemption for payments owing under the SCA, and he repeatedly represented to creditors that he was "self-employed" or "unemployed" and had no prospective "wages, salary or commissions." Relying on these representations, the Trustee on behalf of the bankruptcy estate, GELCO, and two secured creditors negotiated a multi-million dollar settlement resolving SCA payment disputes. Hecker, promptly served notice of the settlement, waited until the last day to file an objection, claiming for the first time that payments owed under the SCA are earnings of the debtor that are exempt under Minnesota law. But he did not file or move for leave to file an amended exemption schedule, instead seeking a last-minute continuance at the June 15 hearing to resolve the Trustee's motion to approve the settlement. "The debtor's duty of

-4-

disclosure requires updating schedules as soon as reasonably practical after he or she becomes aware of any inaccuracies or omissions." In re Bauer, 298 B.R. 353, 357 (B.A.P. 8th Cir. 2003). In this case, Hecker's lack of diligence (if not outright deception) is apparent, as is the prejudice to the parties to the settlement agreement had a continuance been granted.

Hecker argues that the bankruptcy court ignored Bankruptcy Rule 1009(a), which provides that a debtor may amend his bankruptcy schedules "as a matter of course at any time before the case is closed." This contention puts the cart before the horse. Hecker did not move to amend his schedule of exemptions before the June 15 hearing. Therefore, whether to allow an amendment was not before the bankruptcy court. Hecker complains that counsel was not retained until just before his last-minute objection and did not have time to file a motion to amend his claimed exemptions. We are unmoved. The delay and any resulting prejudice were attributable entirely to Hecker's own lack of diligence. See In re Rice, 357 B.R. at 517-18; accord In re Martwick, 60 F.3d 482, 483-84 (8th Cir. 1995). In these circumstances, we have no difficulty concluding that the bankruptcy court did not abuse its discretion in denying Hecker's last-minute oral request for a continuance of the settlement approval hearing.

Relying on In re Woodson, 839 F.2d 610 (9th Cir. 1988), Hecker further argues that the bankruptcy court erred in refusing to consider his potential exemption claim before approving the settlement. But in Woodson, a major creditor objected to the debtor's amended claim of a $1 million exemption and then objected to a proposed settlement disbursing most of the $1 million to the debtor. The bankruptcy court concluded the creditor's original objection was untimely and therefore did not consider its objection to the settlement. The Ninth Circuit concluded the creditor's objection to the exemption was not untimely, and therefore the bankruptcy court erred in refusing to consider the merits of the objection before approving a settlement that put the proceeds at issue beyond the reach of creditors. Here, by contrast, there was

no claim by Hecker to the SCA proceeds pending when the motion for settlement approval was submitted for decision to the bankruptcy court. Moreover, as the bankruptcy court expressly recognized, a significant portion of the settlement proceeds would be paid to the bankruptcy estate, and the court in approving the settlement did not decide whether Hecker might in the future be able to establish a superior right to that portion of the proceeds.[3]

3. On appeal, the Trustee argues, as he did to the district court, that we should dismiss the appeal for lack of subject matter jurisdiction because (i) Hecker's claim of an exemption is not ripe for judicial review, and (ii) Hecker lacks standing to object to settlement approval because the SCA is an asset of the bankruptcy estate. We disagree. The Trustee gave Hecker notice of the Trustee's motion to approve the settlement. Hecker objected and appeared at the June 15 hearing to oppose the motion. Hecker had standing to object to the motion, the bankruptcy court had jurisdiction to rule on the motion and Hecker's objection, and both the district court and this court have subject matter jurisdiction to review the bankruptcy court's order denying Hecker's request for a continuance and approving the settlement. Cf. In re Marlar, 267 F.3d 749, 753 n.1 (8th Cir. 2001). We also deny the Trustee's motion to dismiss the appeal as moot because the settlement proceeds have been distributed, a contention based on facts not contained in the record on appeal. See Fed. R. App. P. 10(a); United States for Use of Lighting and Power Servs., Inc. v. Interface Constr. Corp., 553 F.3d 1150, 1155 n.4 (8th Cir. 2009).

---

[3]Like the bankruptcy court, we do not consider whether Hecker may amend his Schedule C to claim an exemption for SCA proceeds and, if so, whether he is entitled to the claimed exemption. See generally In re Kaelin, 308 F.3d 885, 889 (8th Cir. 2002) (recognizing exceptions to Rule 1009(a)'s liberal rule for "bad faith on the part of the debtor and prejudice to the creditors"); In re Harris, 886 F.2d 1011, 1015-16 (8th Cir. 1989) (making clear that the two issues are distinct). We do not affirm the district court's statement that the bankruptcy court "correctly denied Hecker's request to amend his Schedule C." As no "request" was filed prior to the June 15 hearing, that issue remains unresolved.

We affirm the bankruptcy court's Order dated June 15, 2011, and deny the Trustee's motion to dismiss the appeal.

_____